IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA JARAMILLO,

    Plaintiff,

v.                                                                              No. 14-cv-0298 SMV

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security Administration,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] ("Motion"), filed on November 7, 2014. The Commissioner responded on January 30, 2015. [Doc. 22]. Plaintiff replied on March 11, 2015. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating certain medical opinions. Thus, the Motion will be granted, and the case will be remanded for an immediate award of benefits.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. This case fits the general framework, and therefore, the Court reviews ALJ Fernandez Rice's January 24, 2014 decision as the Commissioner's final decision. *See* 20 C.F.R. § 416.1484.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process ("SEP"). 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

The procedural history of the case is complicated by the fact that Plaintiff filed two applications for supplemental security income ("SSI"). The second application was granted and Plaintiff was awarded benefits. The issue before the Court is whether Plaintiff is entitled to SSI benefits for the time period between the two applications.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

Plaintiff protectively filed her first application for SSI on May 19, 2008. Tr. 501. Her claim was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ George W. Reyes held a hearing on December 15, 2009. Tr. 16, 30, 501. He ultimately determined that Plaintiff was not disabled, and he denied the claim on March 25, 2010. Tr. 25–26. Plaintiff sought review from the Appeals Council ("AC") on May 14, 2010. Tr. 10.

While the first application was pending before the AC, Plaintiff filed a second application for SSI on May 17, 2010. *See* Tr. 2. The second application was approved.[3] *See id.* Thus, Plaintiff was determined to be disabled as of May 17, 2010. *Id.*

The AC denied review of the first application on February 25, 2011. Tr. 1. The AC expressly "considered the fact that [Plaintiff was] found to be under a disability beginning May 17, 2010, based on the application(s) [she] filed on May 17, 2010; however, [the AC] found that this information [did] not warrant a change in [ALJ Reyes's] decision." Tr. 2.

Plaintiff appealed ALJ Reyes's decision (denying her first application) to this Court on April 26, 2011. *Jaramillo v. Astrue*, No. 11-cv-0341 JAP/LAM ("*Jaramillo I*"), [Doc. 3]. Plaintiff argued that ALJ Reyes had committed various errors in performing the five-step SEP. *Jaramillo I*, [Doc. 21]. The Honorable Lourdes A. Martínez, United States Magistrate Judge, agreed. She found that ALJ Reyes had erred in evaluating the opinions of two doctors. The

---

[3] The Commissioner has since implemented new procedures to disallow the pendency of multiple applications of the same type (e.g., two applications for SSI) at the same time. Social Security Ruling ("SSR") 11-1p. Under the new procedures, claimants may elect to consolidate a new application with the pending application, or abandon the pending application and proceed on the new application only. *Id.*

4

presiding district judge adopted Judge Martínez's opinion and remanded the case to the Commissioner on August 27, 2012. Tr. 474−92; *Jaramillo I*, [Docs. 25–27].

Pursuant to that remand order, the AC, in turn, remanded the case to an ALJ on December 5, 2012. Tr. 495–96. Again, the AC expressly acknowledged that Plaintiff's second application (filed on May 17, 2010) had been approved. Tr. 495. The AC explained that the approval had been based on an October 10, 2010 opinion of a consultative examiner. *Id.* However, as to the time period between the filing of the first application and the second application (i.e., May 19, 2008 and May 16, 2010), it determined that:

> [T]he period prior to May 17, 2010 requires further administrative proceedings. . . . In compliance with the above, the [ALJ] will offer [Plaintiff] the opportunity for a hearing, take any further action needed to complete the administrative record[,] and issue a new decision on the issue of disability before May 17, 2010.

Tr. 495–96. This remand for "a new decision on the issue of disability before May 17, 2010" indicates that the October 10, 2010 opinion was not relevant to the first application. *See id.* (Indeed, the October 10, 2010 opinion is not part of the record on the first application, nor does Plaintiff argue that it should be.)

ALJ Myriam C. Fernandez Rice held a second administrative hearing on September 12, 2013, in Albuquerque, New Mexico. Tr. 451–72, 501. Plaintiff appeared in person with her attorney. *Id.* ALJ Fernandez Rice heard testimony from Plaintiff and, by telephone, from an impartial vocational expert ("VE"), Nicole B. King. *Id.*

The ALJ issued her unfavorable decision on January 24, 2014, pursuant to the familiar five-step SEP. Tr. 501–18. At step one, she found that Plaintiff had not engaged in substantial

5

gainful activity since the alleged onset date. Tr. 506. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "scoliosis; depression; borderline intellectual functioning; and anxiety[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 506–08.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 508–16. She found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §] 416.967(b) except that [she] is limited to simple, routine, repetitive tasks that involve only simple work[-]related decisions. [Plaintiff] could attend and concentrate for extended periods for up to two hours at a time and then take an ordinary work break before returning to work and attend and concentrate for two more hours at time before needing to take another break until [she] has completed an eight[-]hour workday. [Plaintiff] could respond to routine changes in the work setting. [Plaintiff] could have only occasional interaction with the public and occasional interaction with coworkers.

Tr. 508. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 516. At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE,[4] Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 516–17. Ultimately, the ALJ found that Plaintiff had not been under a

---

[4] The Court notes that the hypothetical question posed to the VE did not include all of the limitations that the ALJ ultimately adopted in the RFC. Specifically, the hypothetical did not include the limitation to only occasional interaction with coworkers. *Compare* Tr. 508 (RFC), *with* Tr. 468 (hypothetical). Therefore, the testimony of the VE does not constitute substantial evidence for the ALJ's finding that Plaintiff could perform other work. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." (brackets and internal quotation marks omitted)).

disability, as defined by the Act, during the relevant time period, i.e., May 19, 2008, to May 16, 2010, and she denied the claim.  Tr. 517.  Plaintiff filed the instant action, rather than requesting review by the Appeals Council, as permitted by 20 C.F.R. § 416.1484(d).  [Doc. 1]; [Doc. 17] at 4.

## Analysis

The Commissioner's final decision in this case will be reversed, and the case will be remanded for an immediate award of benefits.  The Court finds that ALJ Fernandez Rice was correct to apply the SEP in determining whether Plaintiff was disabled between May 19, 2008, and May 16, 2010.  However, the ALJ impermissibly ignored the opinions of Plaintiff's treating providers and failed to adequately explain why portions of the opinions of examining physicians Drs. Wynne and Logan were rejected.  This case has been pending for nearly seven years.  There have already been two administrative decisions, both of which were denied at step five, where the Commissioner—not Plaintiff—bears the burden of proof.  Considering these circumstances, and that the evidence of Plaintiff's significant functional limitations is overwhelming, the case will be remanded for an immediate award of benefits.

    1.   <u>There is no error in ALJ Fernandez Rice's application of the SEP.</u>

As an initial matter, the Court addresses Plaintiff's argument that ALJ Fernandez Rice erred in applying the traditional five-step SEP.  [Doc. 17] at 9–11.  Plaintiff argues that because her second application had been approved, she was already found to be disabled and, thus, ALJ Fernandez Rice should have applied Social Security Ruling ("SSR") 83-20 instead of the SEP.  *Id.*  The Court is not persuaded.

7

SSR 83-20 applies where a claimant has already been found disabled. It sets forth the process for determining the onset date of disability. A finding of disability is a predicate to utilization of SSR 83-20; there is no need to determine the onset date if the plaintiff is not disabled. Here, Plaintiff argues that the approval of her *second* application triggers the utilization of SSR 83-20 with respect to her *first* application. [Doc. 17] at 9. The Court disagrees.

Approval of a "subsequent claim does not invade the period previously adjudicated by the ALJ decision." HALLEX § 1-5-3(III)(B)(2)[5] (describing the procedures for the factual scenario present in this case). "Any favorable determination on the subsequent claim made while the request for review of the hearing decision in the prior claim is pending will be limited to the period beginning on the day after the date of the ALJ's decision on the prior claim." HALLEX § I-5-3(I)(A). Therefore, the approval of Plaintiff's second application (dated May 17, 2010) is not determinative the question of disability in her first application (dated May 19, 2008). Indeed, Plaintiff herself seems to acknowledge as much. *See* [Doc. 22] at 2 n.2 (arguing that the State Agency did not have "authority to invade [the] previously adjudicated period[.]").

Plaintiff's reliance on *Blea v. Barnhart*, 466 F.3d 903 (10th Cir. 2006), is misplaced. In *Blea*, there was only one application and one adjudication period at issue.[6] *Id.* at 906. The

---

[5] HALLEX is the Commissioner's "Hearings, Appeals, and Litigation Law Manual," a set of internal guidelines for processing and adjudicating claims under the Social Security Act. *See* http://ssa.gov/OP_Home/hallex/hallex.html.
[6] Plaintiff also cites to *Willingham v. Astrue*, No. 11-cv-0508 LAM (D.N.M. Aug. 22, 2012) (Memorandum Opinion and Order [Doc. 19]), which held that SSR 83-20 controlled as to an initial application where the plaintiff was found disabled in a second application. However, *Willingham* is not binding authority. Moreover, it did not

plaintiff had filed one application (for both disability insurance benefits ("DIB") and SSI) on March 9, 2002. *Id.* On reconsideration (after an initial denial), the State Agency found the plaintiff disabled as of March 1, 2002, and approved his claim for SSI. Because the plaintiff's date last insured for DIB was in 1998, his claim for DIB was denied. *Id.* The plaintiff appealed to an ALJ. *Id.* The ALJ applied the SEP to find the plaintiff not disabled as of his date last insured (December 31, 1998). The Tenth Circuit held that the ALJ erred in applying the SEP. *Id.* at 911–12. The court explained, *inter alia*, that because the plaintiff had already been found disabled at the State-Agency level, the ALJ was required to apply SSR 83-20 (which addresses determination of an onset date), rather than the SEP (which addresses determination of disability itself). *See id.*

In contrast to *Blea*, where there was only one application and one adjudication period at issue,[7] here, there are two applications and two adjudication periods at issue. In arguing that ALJ Fernandez Rice was required to utilize SSR 83-20, rather than the SEP, Plaintiff conflates her two applications and their respective but discrete adjudication periods.[8] There has been no determination of disability as to Plaintiff's first application. The record indicates that the second application was approved based on evidence that is not relevant to the first application

---

expressly address the issue of whether the ALJ in the first application was bound by the decision in the second application. Thus, the Court does not find it persuasive.

[7] Plaintiff also cites to *Trujillo v. Astrue*, No. 10-cv-0885 JCH/KBM (D.N.M. June 20, 2011) (Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 22] at 4–6). As in *Blea*, there had been only one application and one adjudication period in *Trujillo*. Therefore, as *Blea* is inapposite to the instant case, *Trujillo* is also inapposite.

[8] Besides, if Plaintiff were correct, and if approval of her second application, *ipso facto*, meant that she was disabled as to her first application, there would have been no need for the Commissioner issue SSR 11-1p in 2011. SSR 11-1p disallows more than one application (of the same type) at the same time because, *inter alia*, multiple simultaneous applications could result in "conflicting decisions." *Id.*

and is not part of the record on the first application. *See* Tr. 495. ALJ Fernandez Rice was not bound by the outcome of the second application and, thus, was not required to apply SSR 83-20.

### 2. The ALJ impermissibly ignored the treating medical opinions.

Plaintiff argues that the ALJ committed reversible error when she failed make findings regarding the opinions of treating providers Dr. Smith, Dr. Garcia, and mental health counselor Hammond. [Doc. 17] at 19–20; [Doc. 23] at 10. These treating opinions all included significantly more restrictive limitations than those ultimately adopted by the ALJ. *Compare* Tr. 508 (ALJ's RFC assessment), *with* Tr. 632–33 (Dr. Smith's assessment), *and* 638–39 (Dr. Garcia's assessment), *and* 641–42 (counselor Hammond's assessment). For example, the treating providers all agreed that Plaintiff was either moderately or markedly limited in every area of functioning. Tr. 632–33 (Dr. Smith's assessment); 638–39 (Dr. Garcia's assessment); 641–42 (counselor Hammond's assessment). The Commissioner responds that no findings were required because the opinions were not probative. She explains that the adjudication period at issue is between May 19, 2008, and May 16, 2010, but the opinions were authored much later, in 2013. [Doc. 22] at 11. Plaintiff replies that the opinions are probative because they are expressly retroactive to the relevant adjudication period. [Doc. 23] at 10 (citing Tr. 632–33 (Dr. Smith); 638–39 (Dr. Garcia); 641 (counselor Hammond). Plaintiff is correct.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 416.927(c)(2). This is known

as the "treating physician rule."[9] *Langley*, 373 F.3d at 1119.  Here, the ALJ made no finding whatsoever as to the opinions of treating providers Smith, Garcia, and Hammond.  *See* Tr. 501−17.  Considering that the opinions were from Plaintiff's treating providers as to the relevant time period and were significantly more restrictive than the RFC adopted by the ALJ, it was reversible error for the ALJ to fail to make express findings regarding the weight accorded to the opinions.

### 3. The ALJ erred in evaluating Dr. Wynne's opinion.

When this case was first remanded by this Court, Judge Martínez found that ALJ Reyes had erred in failing to explain why he had rejected certain findings by Dr. Wynne, a State Agency examining psychologist.  Tr. 488; *Jaramillo I*, [Doc. 25] at 12.  Thus, Judge Martínez expressly directed the Commissioner to "either explicitly incorporate [certain] findings of [Dr.] Wynne . . . into [the] RFC assessment, or explain why they are rejected."  Tr. 488; *Jaramillo I*, [Doc. 25] at 12.  Dr. Wynne's relevant findings were that Plaintiff "has difficulty read[ing] and remembering basic written instructions . . .[;] difficulty interacting with coworkers and supervisors . . .[; and] difficulty adapting to changes in the workplace[.]" Tr. 369.

ALJ Fernandez Rice incorporated only one portion of Dr. Wynne's findings into the RFC assessment, to wit:  a limitation to occasional interaction with coworkers.  Tr. 508. Otherwise, she did not incorporate the findings into the RFC assessment.  *See* Tr. 508 (RFC

---

[9] As a practical matter, the treating physician rule applies to treating providers, like counselor Hammond, even if they are not physicians.  *See* 20 C.F.R. § 416.927(b)(2); SSR 06-03p; *Bowman v. Astrue*, 511 F.3d 1270, 1274–76 (10th Cir. 2008).

11

assessment). Despite Judge Martínez's express instructions, and despite clear law on the issue, ALJ Fernandez Rice failed to explain why Dr. Wynne's findings were rejected. *See* Tr. 508–16.

The ALJ gave specific reasons for rejecting other portions of Dr. Wynne's opinion that Judge Martínez did not address. *See* Tr. 511 (no limitation on ability to manage funds); Tr. 511 (rejecting diagnosis of Rule Out Panic Disorder without Agoraphobia); Tr. 511–12 (rejecting GAF[10] score of 45). Although the ALJ expressly afforded "substantial weight" to Dr. Wynne's opinion, the only reason she gave for rejecting the relevant portions of his opinion was that she "gave appropriate weight based on the totality of the evidence." Tr. 515. This statement is conclusory and does not allow for meaningful review. The failure to reflect Dr. Wynne's opinion in the RFC without explanation constitutes reversible legal error. *See* SSR 96-8p, 1996 SSR LEXIS 5, at *20 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (ALJs may not pick and choose from an uncontradicted medical opinion without explanation).

4. <u>The ALJ erred in rejecting Dr. Logan's opinion.</u>

As with Dr. Wynne's opinion, when the case was first remanded by this Court, Judge Martínez expressly directed the Commissioner to "either explicitly incorporate [certain] findings of [Dr. Logan, a State Agency examining physician,] into [the] RFC assessment, or explain why they are rejected." Tr. 488; *Jaramillo I*, [Doc. 25] at 12. Those findings were that

---

[10] The Global Assessment of Function ("GAF") rating uses a scale of 1 to 100 to reflect "the clinician's judgment of the individual's overall level of functioning." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* ("*DSM-IV*") 32 (Text Revision 4th ed. 2000).

Plaintiff would be "markedly limited" in her (1) ability to understand, remember, and carry out detailed instructions and would have moderate limitations in (2) completing a normal workday and workweek without interruptions from psychologically based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, and (3) appropriately interacting with the general public.  Tr. 376–77.

ALJ Fernandez Rice declined to incorporate into the RFC assessment Dr. Logan's opinion that Plaintiff was moderately limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."  *Compare* Tr. 508 (RFC assessment), *with* Tr. 377 (Dr. Logan's report).  Although the ALJ gave reasons for rejecting the opinion, *see* Tr. 508–16, those reasons are inadequate. [11]

---

[11] The ALJ explained that:

> With respect to the limitations set forth in the Summary Conclusions [in Section I], these are significant for use as a screening tool only and reflect an assessment of the severity of symptoms at step two and step three of the [SEP] and are not a medical opinion.  [SSR] 96-8p requires that a mental [RFC] assessment used at steps four and five of the [SEP], as here, requires a more detailed assessment of various functions contained in the broad categories found in paragraphs "B" and "C" criteria of the adult mental disorders listing in Section 12.00.  If I were to explicitly adopt the step two and step three severity limitations in the Summary Conclusions for incorporation into the [RFC] finding, I could not support any marked limitations because the overall evidence fails to reveal such.
>
> As to the medical opinion [in Section III], it is found in the narrative potion of the [MRFCA] under the "Functional Capacity Assessment["] section.  He opined that [Plaintiff] was limited by suspect low IQ and anxiety to performing simple, repetitive work[-]related tasks in a routine work setting.  I have incorporated his opinion into my RFC finding above in terms of work[-]related limitations of function, as follows:  "[Plaintiff] is limited to simple, routine, repetitive tasks that involve only simple work[-]related

13

First, the ALJ explained that she was rejecting the opinion because she found that it was not actually a "medical opinion[]" and, thus, not applicable to the RFC. Tr. 514. She reasoned as follows: Dr. Logan had recorded his findings on a Mental RFC Assessment ("MRFCA") form, which is divided into three sections. Tr. 377–78. The opinions contained in Section I were not applicable to the RFC, and instead, only the opinions contained in Section III were applicable to the RFC. Tr. 514. The ALJ found that she was permitted to ignore the finding at issue here because it was contained in Section I; she was only required to include in her RFC the findings contained in Section III. *Id.* However, the Tenth Circuit sees it differently.

"[I]f a consultant's Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability, or if it contradicts limitations marked in Section I, the MRFCA cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver v. Colvin*, No. 14-5056, 2015 U.S. App. LEXIS 1164 at *7 (10th Cir. Jan. 20, 2015) (unpublished).

Here, Dr. Logan's narrative in Section III limits Plaintiff to "performing simple, repetitive work[-]related tasks in a routine work setting." Tr. 378. This Section III assessment does not describe the functional effect of Plaintiff's Section I moderate limitation in the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of

---

decisions" and "[Plaintiff] could respond to routine changes in the work setting."

Tr. 514–15 (citing Tr. 378).

rest periods." Tr. 377. Therefore, substantial evidence cannot support ALJ's Rice's reason for rejecting the limitation at issue.

The only other reason provided for rejecting the opinion at issue was "because the overall evidence fail[ed] to reveal such." Tr. 514. However, this reason is conclusory and not sufficient for meaningful review. Because the ALJ failed to account for Dr. Logan's limitation in her RFC, and because she failed to adequately explain why, the ALJ's decision is not supported by substantial evidence. *See also Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007) (remanding where RFC failed to reflect moderate limitations identified on an MRFCA and failed to explain the omission).

 5. <u>The case will be remanded for an immediate award of benefits.</u>

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation and citation omitted) (remanding for an immediate award of benefits where, *inter alia*, the application had been pending for more than five years). When the Commissioner has failed to satisfy her burden of proof at step five, and when there has been a long delay as a result of her erroneous disposition of the proceedings, remand for an immediate award of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's

patent failure to satisfy the burden of proof at step five[] and the long delay [of at least four years] that has already occurred as a result of the Secretary's erroneous disposition of the proceedings[.]"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

This case has been pending for nearly seven years. There have already been two administrative hearings and two decisions by ALJs. Both times, Plaintiff met her burden to show her disability at the first four steps of the SEP. The case was previously remanded to the Commissioner by this Court for further administrative proceedings in 2012. Despite the Court's explicit instructions, and despite clear law on the evaluation of medical source opinions, the Commissioner failed to apply the correct legal standards in evaluating the opinions of Drs. Wynne, Logan, Smith, and Garcia and counselor Hammond. Additionally, several of the Commissioner's reasons for weighing the opinions were either wholly conclusory or not supported by substantial evidence. Therefore, the Commissioner—for a second time—failed to meet her burden at step five to show that Plaintiff could perform other work.

This case concerns whether Plaintiff was disabled between May 19, 2008, and May 16, 2010. The administrative record is complete as to this time period. The VE testified that if Plaintiff's functioning were limited as Drs. Wynne and Logan opined, she would not be able to work. Tr. 470–71. The Commissioner has thus far been unable to explain why such limitations should be rejected. Additionally, the record contains opinions from three treating providers as to the relevant time period, and all agree that Plaintiff's limitations are actually significantly

*more* limited than even Drs. Wynne and Logan opined.  Therefore, the Court finds that there is no reasonable probability that Plaintiff will be denied benefits, and requiring further proceedings before the Commissioner would merely delay the award.

## Conclusion

The Commissioner's final decision in this case will be reversed, and the case will be remanded for an immediate award of benefits.  Although the ALJ correctly applied the SEP rather than SSR 83-20, she still committed reversible errors.  The ALJ impermissibly ignored the opinions of Plaintiff's treating providers and failed adequately to explain why she rejected portions of the opinions of examining physicians, Drs. Wynne and Logan.  Considering that the case has been pending for nearly seven years and that no useful purpose would be served in requiring further administrative proceedings, the case will be remanded for an immediate award of benefits.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for an immediate award of benefits.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**